IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$4,700.00 IN UNITED STATES CURRENCY,

    Defendant.

_____

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**
_____

The United States of America, by and through United States Attorney John F. Walsh and Assistant United States Attorney Wayne Campbell, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), states:

JURISDICTION AND VENUE

1.    The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881, seeking forfeiture of defendant property based upon violations of 21 U.S.C. § 801 et seq.  This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2.    Venue is proper under 21 U.S.C. § 881(j) and 28 U.S.C. § 1395, as the defendant property is located, and all acts described herein occurred, in the District of Colorado.

## DEFENDANT PROPERTY

3. Defendant property is more fully described as:

$4,700.00 in United States Currency (defendant "Currency") seized from Cesar Quinones-Trevizo on June 29, 2012, at 1165 Longdon Street, Longmont, Colorado, and currently being held by the United States Marshals Service, Denver, Colorado.

## FACTUAL BASIS FOR FORFEITURE

Except as otherwise noted, all of the following facts and information have been discovered through my own investigation and observations, and the observations and investigations of fellow law enforcement officers as reported to me.

4. On June 29, 2012, while on patrol, Sargent Cage observed a vehicle travelling above the speed limit. Officer Cage followed the vehicle for several blocks, attempting to catch up with the vehicle. The vehicle made several turns throughout the neighborhood, until officer Cage was in close enough to activate his lights to initiate a traffic stop.

5. The vehicle slowed and then accelerated. Officer Cage continued pursuit of the vehicle until it arrived at 1165 Longdon Street, Longmont, Colorado.

6. A male individual, later identified as Cesar Quinones-Trevizo (Quinones), exited the vehicle and ran for the front door of the residence. Officer Cage ran after Quinones as he entered the residence and chased him into the bedroom where officer Cage apprehended Quinones.

7.      Officer Cage noticed a strong odor of alcohol on Quinones breath and that Quinones eyes were very bloodshot.  Officers found $790.00 of defendant currency in Quinones' front pants pocket along with a cell phone and a Colorado ID card in his wallet.  Officers discovered that Quinones' driver's license had been revoked for two prior DUI arrests.

8.      A canine sniff of the vehicle driven by Quinones was then conducted.  The canine alerted to the glove compartment, the console between the driver and passenger seats, and underneath the driver's seat.

9.      Officers then performed a full search of the vehicle.   They found $3,910.00 of defendant currency in the glove box, trace amounts of marijuana in the console, and a backpack in the trunk of the vehicle.  The backpack contained a digital scale, plastic baggies, plastic gloves, and 330 grams of cocaine.

10.     Based in part on the facts contained herein, Cesar Quinones-Trevizo was charged in Boulder County Colorado with Possession of Controlled Substance with intent Schedule 2, Vehicular Eluding, Violation of Protective Order, Driving Under the Influence with 2+ priors, state criminal case 12-cr-1080.

11.     A nationwide search of the Department of Labor records revealed that Cesar Quinones-Trevizo had no reported income for the years 2009 through 2011 and $346.00 in 2012.

12.     In summary, there is reasonable cause to believe that Cesar Quinones-Trevizo is involved in illegal drug trafficking activities and has insufficient legal income to justify legal acquisition and possession of defendant Currency.  Accordingly,

defendant Currency is forfeitable as property furnished or intended to be furnished in exchange for a controlled substance, as proceeds traceable to an exchange of a controlled substance, and as property used or intended to facilitate the exchange of a controlled substance, illegal drug trafficking.

VERIFICATION OF DAVID L. CROSBY
SPECIAL AGENT, DRUG ENFORCEMENT ADMINISTRATION

I, Special Agent, David L. Crosby, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true.

                                                    s/ *David L. Crosby*
                                                    David L. Crosby

```
STATE OF COLORADO       )
CITY AND                ) ss
COUNTY OF DENVER        )
```

The foregoing was acknowledged before me this 13th day of November, 2012 by David L. Crosby, Special Agent, Drug Enforcement Administration.

                                                    s/ *Pamela S. Jebens*
                                                    Pamela S. Jebens
                                                    Notary Public, State of Colorado

My Commission Expires: 3-19-2016

FIRST CLAIM FOR RELIEF

13. The Plaintiff repeats and incorporates by reference the paragraphs above.

14. By the foregoing and other acts, defendant Currency constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to an exchange of controlled substances, and money

used or intended to be used to facilitate a violation of 21 U.S.C. § 801, et seq.  Therefore, defendant. Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant property in favor of the United States, that the United States be authorized to dispose of the defendant property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 13th day of November, 2012.

        Respectfully submitted,

        JOHN F. WALSH
        United States Attorney

By:  s/ *Wayne Campbell*
      Wayne Campbell
      Assistant United States Attorney
      1225 Seventeenth Street, Ste. 700
      Denver, Colorado 80202
      Telephone: (303) 454-0100
      E-mail: wayne.campbell@usdoj.gov
      *Attorney for Plaintiff*